The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNNE HOUSERMAN,

    Plaintiff,

v.

COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN,

    Defendants.

No. 2:19-cv-00644-RAJ

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER

Related Case No. 2:19-cv-00336-RAJ

This matter comes before the Court on Plaintiff's Motion for a Protective Order postponing her deposition (Dkt. # 44) and Plaintiff's Motion for a Protective Order requiring her deposition to occur on consecutive days (Dkt. # 50). For the following reasons, Plaintiff's Motion for a Protective Order postponing her deposition is **GRANTED** in part and **DENIED** in part. Dkt. # 44. Plaintiff's Motion for a Protective Order requiring her deposition to occur on consecutive days is **DENIED**. Dkt. # 50.

## I.   BACKGROUND

Plaintiff Lynne Houserman ("Plaintiff" or "Ms. Houserman") is asserting discrimination, retaliation, and wrongful termination claims against her former

employer, Comtech Telecommunications Corporation ("Comtech"), Fred Kornberg, its Chairman, Chief Executive Officer, and President, and Michael D. Porcelain, its Senior Vice President and Chief Operating Officer (collectively, the "Defendants"). Dkt. # 1. In a related action (the "TSYS action"), Telecommunications Systems, Inc. (a Comtech subsidiary) is suing Ms. Houserman and her current employer, Motorola Solutions alleging tortious interference and breach of contract. *Telecommunications Systems, Inc. v. Houserman/Motorola Solutions, Inc.*, No. 2:19-cv-00336-RAJ, Dkt. # 1. The two actions have been consolidated for discovery purposes. Dkt. # 30.

On June 24, 2019, the parties conducted their Fed. R. Civ. P. 26(f) discovery conference. Dkt. # 27 at 1. The parties have also exchanged initial disclosures and served written discovery requests. *Id.* at 4; Dkt. # 45 at ¶¶ 6-7. To date, both parties have produced some documents in response to these requests, but many of the discovery requests are still outstanding. Dkt. # 47 at ¶ 2.

On August 27, 2019, Defendants noticed Ms. Houserman's deposition for November 21, 2019. Dkt. # 47 at ¶ 9. Plaintiff then noticed Comtech's 30(b)(6) deposition for October 22, 2019, and in response, Defendants noticed Motorola's 30(b)(6) deposition for October 21, 2019. *Id.* The parties later met and conferred regarding the pending depositions and agreed to postpone the 30(b)(6) depositions until after ESI discovery was exchanged. *Id.* at ¶ 10. Plaintiff requested that Defendants also postpone Ms. Houserman's deposition, but Defendants refused. *Id.*

Plaintiff subsequently filed two motions for a protective order asking the Court to: (1) delay Ms. Houserman's deposition until Defendants have "substantially completed" their production of documents and ESI, and (2) require that Ms. Houserman's deposition occur on consecutive days. Dkt. ## 44, 50. The parties represent that they have met and conferred but were unable to reach an agreement.

## II. DISCUSSION

Under Rule 26, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party resisting discovery has the burden of demonstrating why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 419, 429 (9th Cir. 1975).

### a. <u>Timing of Plaintiff's Deposition</u>

Fed. R. Civ. P. 26(d)(1) mandates that parties cannot seek formal discovery, including depositions, until after they have conducted a Rule 26(f) conference. Parties generally choose the sequence of discovery, unless "the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3).

Here, Defendants properly noticed Ms. Houserman's deposition for November 21, 2019. Dkt. # 52 at ¶ 9. Plaintiff contends, however, that she should not be required to sit for a deposition until Defendants have "substantially completed" their production of documents and ESI. Dkt. # 44 at 12. The Court finds no credible basis for this position.

As an initial matter, a party may not withhold discovery pending receipt of its own requested discovery. Fed. R. Civ. P. 26(d)(2)(B) ("discovery by one party does not require any other party to delay its discovery."). In addition, Plaintiff brought this suit. It is not "oppressive" or unduly burdensome to require her to sit for a deposition regarding her personal knowledge of her allegations against Defendants, particularly when Defendants have agreed to provide the documents they intend to use prior to the deposition. *See Dykes v. BNSF Ry. Co.,* No. C17-1549-JCC, 2018 WL 1456931, at *2 (W.D. Wash. Mar. 23, 2018) (denying plaintiff's request to delay deposition until after receiving written discovery from the defendant); *Segal v. Amazon.com, Inc.*, No. C11-

0227-RSL, at *1 (W.D. Wash. Mar. 7, 2011) (denying plaintiff's request to postpone his deposition until after it had conducted a deposition of defendant). [1]

Plaintiff also argues, however, that it is unfair for Defendants to depose her now before discovery is substantially complete because she will not have adequate opportunity to prepare. Dkt. # 44 at 12. Defendants contend that Plaintiff's concerns are without merit because "the purpose of a fact deposition like this is to question Plaintiff about her personal knowledge about her allegations against Defendants, which she laid out in her Complaint without access to any documents she subsequently has sought in discovery." Dkt. # 46 at 7. The Court agrees. But, as Plaintiff correctly notes, discovery in this case is consolidated with the TSYS action. Dkt. # 48 at 6-7. As such, despite any representations to the contrary, Defendants may also choose to use this opportunity to ask Plaintiff questions about their own claims, for which Defendants have allegedly produced a limited number of documents to Plaintiff. *Id*.

Although the Court recognizes that it is within its discretion to deny Plaintiff's motion and order Plaintiff's deposition now without limitation, the interests of justice weigh in favor of delaying Plaintiff's deposition with respect to the claims alleged in the TSYS action. Accordingly, Plaintiff's motion for a protective order delaying her deposition is GRANTED in part and DENIED in part. Defendants may proceed with the previously noticed deposition on November 21, 2019, but questions must be limited to *Plaintiff's* claims and allegations in *this action*, along with any related documents. Defendants may depose Plaintiff on the claims alleged in the TSYS action (in addition to the claims alleged in this action) on the second day of Plaintiff's deposition, which Defendants indicate will occur "after the completion of ESI discovery." Dkt. #53 at 3.

---

[1] Plaintiff also alleges that Defendants have withheld documents and failed to timely respond to her discovery requests. Dkt. # 44 at 5-6. This may very well be true and if Plaintiff has objections to Defendants' compliance with her discovery requests she may pursue relief in this Court, however, withholding her own deposition testimony is not an appropriate remedy.

ORDER - 4

### b. **Defendants Are Not Required to Depose Plaintiff on Consecutive Days**

Plaintiff next requests a protective order mandating that her deposition take place on consecutive days. Dkt. # 50. On July 17, 2019, this Court issued an order (stipulated to by the parties) consolidating discovery in this action and the TSYS action. Dkt. # 30. The discovery order provides in relevant part:

> The parties agree to make reasonable efforts to schedule the deposition of any witness who may be deposed on separate days to schedule such depositions on consecutive days unless otherwise agreed by the parties and provided that it is possible based on a witness' schedule.

Dkt. # 30 at ¶ 5.

Plaintiff contends that the text of the discovery order mandates consecutive-day depositions unless consecutive-day depositions are not possible based on the witness' schedule or the parties' agreement. Dkt. # 50 at 4. The Court disagrees. Although the discovery order indicates that parties should make "reasonable efforts" to schedule consecutive-day depositions, the Court does not read this as *requiring* that multi-day depositions occur on consecutive days.

Moreover, other than the text of the discovery order, Plaintiff does not offer any other justification for mandating that her deposition take place on consecutive days. Dkt. # 50. Plaintiff appears to work and reside in Seattle. Dkt. # 54 at ¶ 5. Plaintiff does not allege that it would be unduly burdensome or inconvenient for her to sit for a deposition on non-consecutive days. *Id.* As a result, the Court does not find there is good cause justifying a protective order. Plaintiff's Motion for a Protective Order requiring her deposition to take place on consecutive days is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order postponing her deposition is **GRANTED** in part and **DENIED** in part. Dkt. # 44. Plaintiff's

Motion for a Protective Order requiring her deposition to occur on consecutive days is **DENIED**. Dkt. # 50.

DATED this 15th day of November, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge