The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LYNNE HOUSERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN,<br><br>    Defendant. | NO.   2:19-CV-00644-RAJ-BAT<br><br>**COMTECH TELECOMMUNICATIONS CORP., FRED KORNBERG, AND MICHAEL D. PORCELAIN'S MOTION TO EXCLUDE LYNNE HOUSERMAN'S PROFFERED EXPERT GARY B. GOOLSBY**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, November 20, 2020<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' MOTION TO EXCLUDE PROFFERED EXPERT GARY B. GOOLSBY
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................................. 2

     A.    Relevant Factual Background And The Parties' Claims ................................... 2

     B.    Goolsby's Opinions ............................................................................................ 3

III.  ARGUMENT AND AUTHORITIES ............................................................................ 4

     A.    Legal Standard .................................................................................................... 4

     B.    Goolsby's Opinions Are Not Reliable ............................................................... 5

          1.    The internal controls opinion is not reliable ......................................... 5

          2.    The significant deficiency opinion is not reliable ................................. 8

     C.    Goolsby's Opinions Are Not Helpful To The Jury, And Invade Its Province. ............................................................................................................ 9

     D.    Goolsby's Sub-Opinions, Including His "Governance" Opinions, Are Inadmissible ..................................................................................................... 11

IV.  CONCLUSION ............................................................................................................ 12

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - i
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

# TABLE OF AUTHORITIES

**Cases**

*Augsburger v. Navy Mutual Aid Ass'n*,
  2019 WL 339241 (W.D. Wash. Jan. 28, 2019) .................................................................. 8

*Briscoe v. City of Seattle*,
  2020 WL 5203588 (W.D. Wash. Sept. 1, 2020) ......................................................... 1, 7, 10

*Cameron v. Lowes Home Centers Inc.*,
  2019 WL 2617032 (D. Ariz. June 26, 2019) ..................................................................... 6

*Cole v. JPMorgan Chase Bank, N.A.*,
  2014 WL 1320140 (W.D. Wash. Mar. 31, 2014) ............................................................. 11

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) ......................................................................................... 4, 5

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ....................................................................................................... 4, 5

*Easton v. Asplundh Tree Experts, Co.*,
  2017 WL 4005833 (W.D. Wash. Sept. 12, 2017) ........................................................... 6, 9

*Erhart v. BOFI Holding, Inc.*,
  445 F. Supp. 3d 831 (S.D. Cal. 2020) ............................................................................. 10

*Estate of Barabin v. AstenJohnson, Inc.*,
  740 F.3d 457 (9th Cir. 2014) ............................................................................................ 4

*Estate of Creach v. Spokane Cty.*,
  2013 WL 12177099 (E.D. Wash. May 2, 2013) ............................................................... 9

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) .......................................................................................................... 5

*In re Longtop Fin. Techs. Ltd. Securities Litig.*,
  32 F. Supp. 3d 453 (S.D.N.Y. 2014) ............................................................................ 9, 10

*Johnson v. Kelly*,
  2017 WL 1838140 (W.D. Wash. May 8, 2017) .............................................................. 5, 9

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) .......................................................................................................... 4

*Lust v. Merrell Dow Pharms., Inc.*,
  89 F.3d 594 (9th Cir. 1996) .............................................................................................. 5

*Minasian v. Standard Chartered Bank, PLC*,
  109 F.3d 1212 (7th Cir. 1997) .......................................................................................... 9

*Morales v. Fry*,
  2014 WL 12042563 (W.D. Wash. Mar. 25, 2014) ...................................................... 5, 10

*PacTool Intern., Ltd. v. Kett Tool Co., Inc.*,
  2012 WL 3637391 (W.D. Wash. Aug. 22, 2012) ............................................................. 9

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - ii
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

*S.E.C. v. Daifotis*,
   2012 WL 2051193 (N.D. Cal. June 7, 2012) .................................................................. 1, 9

*SEC v. Jackson*,
   2014 WL 7297499 (S.D. Tex. Mar. 28, 2014) ..................................................................... 11

*SEC v. Jackson*,
   No. 4:12-cv-00563 (S.D. Tex. July 7, 2014) ........................................................................ 11

*Tate v. Smith*,
   2020 WL 999758 (W.D. Wash. Mar. 2, 2020) ..................................................................... 12

**Rules**

Fed. R. Evid. 403 ............................................................................................................................ 10

Fed. R. Evid. 702 ........................................................................................................................ 4, 5

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - iii
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

## I. INTRODUCTION

*"[W]here the expert does little more than read depositions and deposition exhibits and other such materials, and then proposes to render findings to the jury as to what happened," the testimony should be excluded.*[1]

Plaintiff Lynne Houserman violated clear company internal control policies, specific instructions from corporate headquarters, and Comtech's Standards of Business Conduct, all in an effort to increase the accrual for her own bonus and then to cover up her actions after she was caught. When she was caught, she claimed that her bonus had been reduced due to her gender. After an outside law firm determined that there was no merit to her freshly minted allegations and two Big Four accounting firms, collectively, determined that her override of internal controls constituted an "inappropriate tone at the top," a significant deficiency, and that her "representations could not be relied upon," she was terminated for cause. That her conduct caused a significant deficiency was but one of myriad reasons set forth in the termination letter.

Houserman disputes her for-cause termination, and proffers Gary B. Goolsby as an expert on whether she overrode Comtech's internal controls and whether her actions constituted a "Significant Deficiency" or a "Deficiency" in Comtech's reporting requirements under the Sarbanes-Oxley Act of 2002 ("SOX"). Goolsby's report, opinions and related testimony are inadmissible under Federal Rule of Evidence 702 and *Daubert* and its progeny. The vast majority of Goolsby's "analysis" is dedicated to his opinion that Houserman's actions with respect to the bonus accrual did not override Comtech's internal controls. He bases the opinion on his "extensive, independent assessment of the evidence presented and [his] 46 years of experience." Absent from the lengthy discussion is any discernible indicia of reliability. There is no explanation of *what* accounting and auditing knowledge and experience he applied to arrive at this opinion, *why* that is a sufficient basis for the opinion, and *how* it was reliably applied to the relevant evidence. His second opinion—that Houserman's actions did not rise to the level of a

---

[1] *S.E.C. v. Daifotis*, 2012 WL 2051193, at *1 (N.D. Cal. June 7, 2012) (cited with approval in *Briscoe v. City of Seattle*, 2020 WL 5203588, at *11, n. 15 (W.D. Wash. Sept. 1, 2020) (appeal filed Oct. 6, 2020)).

| DEFENDANTS' MOTION TO EXCLUDE PROFFERED EXPERT GARY B. GOOLSBY - 1<br>No. 2:19-CV-00644-RAJ-BAT | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000 • (212) 757-3990 |
|---|---|

"Significant Deficiency" or a "Deficiency"—suffers from the same infirmity. As the opinions are based only on Goolsby's "say so," they are unreliable and accordingly, inadmissible.

Goolsby's opinions are inadmissible for the additional reason that they are unhelpful to the jury and usurp their fact-finding role. He improperly supports his opinions with a slanted rehashing of the record that is built on improper characterizations of the evidence and credibility determinations about the witnesses. Woven within that story are wholly irrelevant, unsupported, and improper conclusions couched as expert sub-opinions—such as about Comtech's "governance" that he is not qualified to opine on and that he does not connect to any experience or expertise—all reasons for excluding any "governance" opinions.

Defendants request that the Court exclude Goolsby's report, opinions, and testimony.

## II. STATEMENT OF FACTS

### A. Relevant Factual Background And The Parties' Claims

On September 29, 2017, Houserman received her Goal Sheet for Fiscal Year 2018 from Comtech's CFO, Michael Porcelain, which Houserman signed on October 2, 2017. Houserman Dkt. 78 at 8:13-23; 38:5-6. The 2018 Goal Sheet included a deduction in SST's actual pre-tax profit calculation of $6.297 million. *Id.* at 9:4-9. Pursuant to Comtech's accounting policies and internal control procedures related to accrual of bonus awards, Houserman was to ensure that the monthly incentive compensation expense ("bonus") accrual for the 2018 bonus was recorded in accordance with the 2018 Goal Sheet. *Id.* at 11:16-12:6. Houserman did not do so but rather directed increases in SST's bonus accrual on multiple occasions, and did not disclose those changes nor receive permission to make them. *Id.* at 38:7-39:17.

On April 2, 2018, TSYS terminated Houserman for cause. Its termination letter advised Houserman of numerous grounds for her termination including that she "willfully violated and willfully directed and caused your subordinates to violate material Company policies" and business conduct standards—reasons for which no accounting or auditing experience is necessary to understand and for which Goolsby has no opinion. Declaration of Martha L. Goodman

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 2
No. 2:19-CV-00644-RAJ-BAT

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

("Goodman Decl."), Ex. 35 at 1-2; *see also id.* at 2 ("Your repeated violations of Comtech's Standards of Business Conduct ('SOBC'); Policy 18-01-11 also known as Comtech's HR & Employee Compensations Guidelines; and the terms of your Employment Agreement, constitute 'good cause' and 'cause' under the Employment Agreement and Offer Letter.").[2] The letter also advised that Houserman's "conduct caused control deficiencies which constituted a significant deficiency in the Company's compliance with internal control over financial reporting requirements ["ICFR"] under the Sarbanes-Oxley Act of 2002." *Id.* at 1.

Houserman disputes her for-cause termination. Houserman Dkt. 76 at 11:8-19; 16:5-7; 18:9-13; 19:5-11. In their answer against Houserman, Defendants allege that Houserman was terminated for cause "for engaging in misconduct, including but not limited to violating Comtech's Standards of Business Conduct, improperly manipulating financial statements, and lying to Comtech's independent registered public accounting firm." Houserman Dkt. 78 at 16:4-7; *see also* 37:1-40:21 (Counterclaim allegations detailing Houserman's misconduct).

**B.   Goolsby's Opinions**

Houserman retained Gary B. Goolsby "to provide an independent assessment" of whether Houserman "allegedly overrode and violated Comtech policies and procedures and thereby created a Significant Deficiency in Comtech's internal controls relating to" the Bonus Accrual. Goolsby Rep., Ex. 19 ¶ 2. Goolsby asserts that he has 46 years of experience "in accounting and auditing," "internal controls and business processes," and "governance," *id.* ¶ 3. Very few, if any, of those 46 years appear to involve any direct experience with SOX (enacted in 2002) and its reporting or disclosure requirements, for he appears to have worked as a litigation consultant and expert witness for the last 13 of those years. *Id.*, App'x 1. Goolsby does not elaborate on his "internal controls and business processes" or "governance" experience in his report or CV.

Goolsby renders two primary opinions[3]: (1) Houserman "did not override [Comtech's]

---

[2] All citations to "Ex." are citations to the Goodman Declaration submitted herewith, unless otherwise noted.

[3] The opinions discussed in detail herein appear to be his primary opinions, based on the description of the assignment, "Executive Summary," and the content of his "Opinions and Analysis" section. *Id.*, ¶¶ 2, 12-19; pp. 20-55. To the extent that Goolsby is proffering other conclusions in his report as expert opinions, those are

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 3
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

internal controls relating to her bonus accrual" and thus "made appropriate decisions and took appropriate actions from an accounting and auditing perspective," (*id.* ¶¶ 12-16, 19, 55); and (2) her actions did not rise to the level of a "Significant Deficiency" or a "Deficiency" in Internal control over financial reporting ("ICFR"). *Id.* ¶¶ 17-18, 80.

### III.   ARGUMENT AND AUTHORITIES

#### A.   Legal Standard

Expert testimony is admissible only if: (1) the witness is qualified by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) is the product of reliable principles and methods; and (5) the expert has reliably applied the principles or methods to the facts.  Fed. R. Evid. 702. The district court serves as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-92, 597 (1993); *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014) (district court must make "gateway determinations" of relevance and reliability).

To be relevant, an expert's testimony must "assist the trier of fact to understand or determine a fact in issue."  *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (citations omitted).  Encompassed in that determination is whether the testimony is "helpful to the jury." *Id.*; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert*, 509 U.S. at 592) (knowledge underlying expert testimony must have "a . . . valid connection to the pertinent inquiry").  To be reliable, an expert's testimony must "relate to scientific, technical or other specialized knowledge." *Cooper*, 510 F.3d at 942; *see also Barabin*, 740 F.3d at 463 (testimony must have "a reliable basis in the knowledge and experience of the relevant discipline") (citation omitted).  While the factors guiding the reliability determination depend on the circumstances, in all events, the testimony must reflect "more than subjective belief or unsupported speculation."

---

likewise inadmissible for at least the same reasons the primary opinions are, explained further below, and Defendants reserve the right to address those in more detail on reply.

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 4
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

*Daubert,* 509 U.S. at 590; Fed. R. Evid. 702, Advisory Committee's Notes, 2000 Amendments ("[T]he testimony must be the product of reliable principles and methods that are reliably applied to the facts of the case.").

Relevance and reliability determinations are "vital to ensure accurate and unbiased decision-making by the trier of fact" and designed to ensure the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Cooper*, 510 F.3d at 943. "It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharms., Inc.,* 89 F.3d 594, 598 (9th Cir. 1996).

**B.     Goolsby's Opinions Are Not Reliable.**

With respect to non-scientific testimony, "reliability depends primarily on the knowledge and experience of the expert 'rather than the methodology or theory behind it.'" *Morales v. Fry*, 2014 WL 12042563, at *3 (W.D. Wash. Mar. 25, 2014) (quotations and citation omitted). A non-scientific expert's proffered testimony is not reliable "unless the expert explains the manner in which [his or] her knowledge and experience support [the] conclusions." *Johnson v. Kelly*, 2017 WL 1838140, at *4 (W.D. Wash. May 8, 2017); *see also* Fed. R. Evid. 702, Advisory Committee's Notes, 2000 Amendments (an expert relying primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts").

**1.     The internal controls opinion is not reliable.**

A district court cannot "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Goolsby's opinion that Houserman did not override Comtech's internal controls with respect to the bonus accrual is based solely on *ipse dixit*, and is lacking any explanation as to how his decades of accounting and auditing experience support his opinion. It is not reliable and should be excluded.

As an initial matter, although Goolsby says he was retained to opine on whether Houserman "violated Comtech policies and procedures," none of the opinions in his report seem

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 5
No. 2:19-CV-00644-RAJ-BAT

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

to render any conclusion on this, generally. Ex. 19 ¶ 2. Nor could he; a party's "policies and procedures" is not the proper subject of expert testimony. *Easton v. Asplundh Tree Experts, Co.*, 2017 WL 4005833, at *4-5 (W.D. Wash. Sept. 12, 2017) (excluding opinion that company policies were "adequate" and "reasonable" as improper opinions on the ultimate issue); *Cameron v. Lowes Home Centers Inc.*, 2019 WL 2617032, at *2 (D. Ariz. June 26, 2019) (excluding opinion that party did not follow its "policies and procedures" as lacking foundation and unnecessary to help the trier of fact). Rather, it appears his opinion on "policies and procedures" is a general reference to Houserman's override of internal controls.

Goolsby says that internal controls related to bonus accrual included in Comtech's HR & Employee Compensation Guidelines are "the focus of this case." Ex. 19 ¶¶ 43, 55. Nowhere in his report does Goolsby set out these Guidelines and requirements. Nowhere in his report does he discuss any principles of accounting or auditing that he applied to the facts of this case to render his opinions that Houserman "did not override [Comtech's] internal controls relating to her bonus accrual" and "made appropriate decisions and took appropriate actions from an accounting and auditing perspective." *Id*. ¶¶ 12, 13. The following statements from Goolsby's report are just a few examples highlighting the problem, as they are all say-so opinions untethered from any knowledge or experience in accounting and auditing and fail to substantively discuss whether, and if so, how, he applied accounting and audit expertise to reach these opinions:

- "I do not find it troubling from an auditing or accounting perspective that Houserman did not notice" the $6.297 million call handling reduction "until later," *id*. ¶ 67;
- ". . . Houserman followed proper internal controls to achieve correct GAAP accounting which, in my view, was reasonable," *id*. ¶ 79;
- Houserman "was doing what she thought was appropriate in the circumstances and was following proper internal controls," *id*. ¶ 83; and
- "In my opinion, based on my decades of auditing and accounting experience, Houserman's actions were conducted in the spirit of strong internal controls," *id*. ¶ 90;
- "In my opinion, Comtech inappropriately ignored the logical facts and circumstances

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 6
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

leading Houserman to do what she did," *id.* ¶ 100.

*See also id., e.g.*, ¶¶ 96, 103, 109.[4]

Goolsby supports those generic conclusions in part with inflammatory and conclusory remarks about Comtech's governance. As explained further below, these opinions should be excluded. Nowhere in his report or CV does Goolsby elaborate on his alleged experience or expertise in "governance," explain what "governance" means and why that is a proper subject of expert testimony that laypersons would need assistance in understanding, nor explain how he applies any "governance" experience to the facts. *See id., e.g.*, ¶¶ 77-78 (referring to "the chaos at the Comtech executive level"; finding "Kornberg's approach . . . a glaring weakness in governance internal controls" and that Comtech executive management "appears dysfunctional in this process"); ¶¶ 91, 95, 122 (referring to a "dysfunctional Comtech management team lacking in leadership and with a poor tone at the top" and concluding Houserman was "the victim of weak governance demonstrated by Comtech executive management").

Rather than reliably applying any specialized knowledge or experience to reach his conclusions, Goolsby bases them entirely on his slanted interpretation of the evidentiary record. "Comments on the evidence" are not within the scope of admissible expert testimony. *Briscoe*, 2020 WL 5203588 at *11, n. 15. A few examples:

- "It defies common sense for Comtech to claim that Christensen was not aware that Houserman's Goal Sheet had been fully executed." Ex. 19 ¶ 68;
- "Kornberg stated . . . that Houserman should be patient and that there was plenty of time to resolve since bonuses were not paid until September . . . His attempt to stall the answer to Houserman and then terminate her for overriding internal controls in view of his own disregard of the same internal controls is astounding." *Id*. ¶ 91.

The inflammatory nature of Goolsby's remarks provides further basis for their exclusion. *See*

---

[4] Goolsby discusses the HR & Employee Compensation Guidelines only in the context of providing his take on the appropriateness of others' actions, based on his review of the evidence, which, as discussed below, is inadmissible expert testimony. *See* Ex. 19 ¶ 93 (determining, based on his "reading," that Ms. Eichberger—who investigated Houserman's gender discrimination and retaliation claims—was "overreaching in her interpretations and conclusions"); ¶ 104 (interpreting the requirements documents for SST's finance team).

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 7
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

*Augsburger v. Navy Mutual Aid Ass'n*, 2019 WL 339241, at *7 (W.D. Wash. Jan. 28, 2019) (excluding unhelpful expert testimony consisting mainly of improper legal conclusions and including inflammatory statements, and also as not reliably linked to principles or methods cited or policies at issue).

### 2. The significant deficiency opinion is not reliable.

Goolsby's opinion that Houserman's actions regarding the bonus accrual did not rise to the level of a "Significant Deficiency" or even a "Deficiency" in ICFR likewise lacks any analytical connection (let alone a reliable one) with evidence that demonstrates application of specialized knowledge and experience. Although Goolsby defines what certain accounting terms mean and purports to base the opinion on his "decades of auditing and accounting experience," he does not explain whether or how he applied those definitions or his experience to conclude that Houserman's actions did not constitute a Deficiency or Significant Deficiency. And he opines on Deficiencies and Significant Deficiencies just through his *ipse dixit*:

- "What does strike me as highly unusual is that over a four-year period there was not one Deficiency characterized as a Significant Deficiency until this alleged aberration occurred during Fiscal 2018," Ex. 19 ¶ 112;
- "In my view, certain of the Deficiencies I reviewed—for which Houserman was not responsible—could have clearly been rated as Significant Deficiencies . . . ." *id*. ¶ 113;
- "In my opinion, the Significant Deficiency was possibly the breakdown between Comtech corporate and the accounting and record keeping functions at SST," *id*. ¶ 116.

*See also, generally, id.* pp. 48-51. Similarly, Goolsby's opinions that Houserman (i) set the right "tone at the top" by emailing her superiors to change what she characterized as an error and (ii) Comtech executives failed to set the right "tone at the top" given a "confused process" are also lacking in any analytical connection to accounting and auditing principles and only supported by his *ipse dixit*. *Id*. ¶ 95; *see also id*. ¶¶ 91, 96, 122.

Goolsby also improperly bases his conclusion on his review, characterization and weighing of the evidence. *See id*. ¶ 113 ("I also noted in my review of several documents that

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 8
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

Comtech executive management criticized SST for internal control Deficiencies subsequent to its acquisition, yet none of these Deficiencies rose to the level of a Significant Deficiency."); *id.* ¶ 117 (summarizing his review of Comtech's board audit committee meeting minute drafts); *id* ¶ 119, 121 (summarizing Deloitte deposition testimony).

In short, Goolsby's report "exemplifies everything that is bad about expert witnesses in litigation. It is full of vigorous assertion . . . carefully tailored to support [Houserman's] position but devoid of analysis." *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997). It should be excluded as unreliable. *See id*. ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.") (quotation and citation omitted); *see also Johnson*, 2017 WL 1838140 at *5, 8, 10 (excluding opinions that fail to explain the manner in which the experts' knowledge and experience support the conclusions); *Easton*, 2017 WL 4005833, at *4-5 (excluding HR expert opinion where the expert "never explains how his experience led him to" his conclusions); *PacTool Intern., Ltd. v. Kett Tool Co., Inc.*, 2012 WL 3637391, at *4-5 (W.D. Wash. Aug. 22, 2012) (excluding expert opinion that failed to show any connection to underlying data by anything other than expert *ipse dixit*: "[T]he Court cannot accept this opinion as true solely because Mr. Rawls says it is true.").

### C. Goolsby's Opinions Are Not Helpful To The Jury, And Invade Its Province.

To be helpful, expert testimony must address an issue beyond a juror's understanding. *E.g.*, *In re Longtop Fin. Techs. Ltd. Securities Litig.*, 32 F. Supp. 3d 453, 460 (S.D.N.Y. 2014) (experts "not permitted to address issues of fact that a jury is capable of understanding without the aid of expert testimony"). An expert's testimony may not usurp the jury's factfinding role: "experts should not be vouching for whose fact version is more credible." *Daifotis*, 2012 WL 2051193, at *2 ("The retained witness, of course, has no personal knowledge of what really occurred and should never be allowed to pretend to divine for the jury the truth of what actually occurred or what the mental state of an actor was."). Nor may experts opine on the credibility of other witnesses, as that too is a function left to jury. *Estate of Creach v. Spokane Cty.*, 2013 WL 12177099, at *2 (E.D. Wash. May 2, 2013).

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 9
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

Goolsby's report is based entirely on his slanted rehashing of the evidence. Not surprisingly, it also relies heavily on Houserman's testimony and parrots her views of the issues. This is both not helpful to the jury (as it is capable of reading documents and testimony), and also invades the jury's role as evaluator of the evidence. Some examples:

- "I have not seen any evidence of Houserman being informed of the deduction of $6.297 million—nor any amount of deduction for that matter—for Fiscal 2018 or any later fiscal years," Ex. 19 ¶ 65;
- Summarizing email chains, *id*. ¶ 73;
- Summarizing deposition testimony, *id*. ¶ 84;
- Summarizing quarterly checklists, *id*. ¶ 86.

His testimony should be excluded, because it is based entirely on his "rehash" and "analysis of the evidence." *Erhart v. BOFI Holding, Inc.*, 445 F. Supp. 3d 831, 847-48 (S.D. Cal. 2020) (excluding internal audit expert's opinions that plaintiff-whistleblower's allegations were not supported by evidence, where such opinion was based on "whether documents and evidence in the case support" the plaintiff's beliefs); *In re Longtop*, 32 F. Supp. 3d at 462 (precluding accounting expert from summarizing findings of various audit opinions, and the contents of other documents in the record, which "the jury is capable of understanding on its own").[5] Even assuming the reliability and relevance thresholds are met, Goolsby's testimony should be excluded under Federal Rule of Evidence 403 as its probative value is substantially outweighed by the danger of unfair prejudice and given its potential to waste time and lead to the needless presentation of cumulative evidence. *See Erhart*, 445 F. Supp. 3d at 848.

Further, Goolsby's rendition of the purported facts includes improper, inflammatory, and biased comments, many prefaced by the phrase, "In my opinion," conveying credibility determinations and weight to be given to the evidence that is squarely within the ken of the jury,

---

[5] *Morales v. Fry*, 2014 WL 12042563, at *3 (W.D. Wash. Mar. 25, 2014) ("report consists only of summary recaps of what each video shows. This does not require expert experience; it merely requires watching the video" and is not "necessary to assist the jury"); *Briscoe*, 2020 WL 5203588, at *11, n.15 (rejecting expert's conclusions that police methods and tactics were "amateurish, disorganized, and confusing" as "comment on the evidence not within the scope of admissible expert testimony" and argument for "the inferences to be drawn from the facts").

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 10
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

not an expert. His analysis is replete with views as to the reasonableness and appropriateness of Houserman's beliefs, intentions and actions. *E.g.*, Ex. 19 ¶ 80 ("Houserman did not believe her actions were unjustified"); ¶ 96 (Houserman's assumption that the $6.297 million reduction was an error that required correction was "reasonable"). This is in stark contrast to his wholly one-sided and disparaging characterizations of Comtech witnesses and evidence. *E.g., id.* ¶ 64 ("It is apparent that Kornberg does not know what transpired with respect to the calculation which is astounding"); ¶ 77 ("the disconnect between Kornberg's testimony, his Eichberger interview and the actual documentation" "demonstrates a glaring breakdown in communication"); ¶ 82 (Porcelain "ignored the dysfunction of Comtech's executive team in dealing with this issue").

### D. Goolsby's Sub-Opinions, Including His "Governance" Opinions, Are Inadmissible.

Goolsby's Report is riddled with numerous fact findings and conclusions that are wholly irrelevant to his assignment to assess independently whether Houserman violated internal controls and her conduct constituted a Deficiency or Significant Deficiency. Ex. 19 ¶ 2.

<u>Governance</u>: Although he characterizes Comtech's "governance" almost a dozen times (Ex. 19 ¶¶ 58, 63, 64, 78, 95, 96, 122), he sets out no qualifications, experience, or expertise that would qualify him to opine on that topic. He says he has experience in "governance" but elaborates no further. *Id.* ¶¶ 3-4. The only "governance" experience listed on his CV is an FCPA action brought by the SEC, where it too moved to exclude Goolsby's opinions as irrelevant and not grounded in reliable principles and methods. *Id.*, App'x 1, at 6; SEC's Mot. to Exclude the Opinion Testimony of Gary Goolsby, *SEC v. Jackson*, 2014 WL 7297499 (S.D. Tex. Mar. 28, 2014). (The matter settled before the court could decide the motion. *See* Dkt. 209, Jt. Stipulation for Entry of Final J., *SEC v. Jackson*, No. 4:12-cv-00563 (S.D. Tex. July 7, 2014).) He is not qualified to opine on "governance." *Cole v. JPMorgan Chase Bank, N.A.*, 2014 WL 1320140, at *3 (W.D. Wash. Mar. 31, 2014) (excluding expert whose experience pertains to loan auditing "not qualified . . . in the discipline" of nonjudicial foreclosures).

Furthermore, the only sentence in the report on "governance" as a topic is hardly the exemplar of proper expert opinion or something a lay juror could not understand, so his

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 11
No. 2:19-CV-00644-RAJ-BAT

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

governance opinions should be excluded on that basis: "Strong governance. . . is the foundation for every company, regardless of size of complexity." Ex. 19 ¶ 32; *see Tate v. Smith*, 2020 WL 999758, at *1 (W.D. Wash. Mar. 2, 2020) (expert opinion must go "beyond the common knowledge of the average layperson"). Finally, each of his "governance" characterizations are his *ipse dixit*, and not rendered as a result of the application of his experience to the facts, and irrelevant—all grounds for exclusion. *Supra* § III.A-B.

<u>As to other, irrelevant opinions</u> that should be excluded: the following examples have no relevance to Goolsby's assignment, and some border on improper legal conclusions:

- Whether the $6.297 million reduction was an error or whether it was "logical," "convoluted," or made sense from a business perspective, *id.* ¶¶ 70-73, 76, 106;
- What Houserman believed, relied upon or intended or the reasonableness or appropriateness of her beliefs, intentions, or actions, including whether her conduct was "willful" within the meaning of the employment agreement, *id.*, pp. 25-27, ¶¶ 89, 96;
- Comtech's "environment" or "questionable decision-making," including whether members of SST's finance team were competent, or acted in accordance with Comtech's policies, procedures or internal controls, *id.* ¶¶ 67, 73-75, 78, 82-84, 94, 95, 104, 115;
- Whether Comtech or Deloitte identified Houserman's override of internal controls and deemed it a Significant Deficiency, the number and type of prior identified deficiencies, who made what edits to what documents, what documents Deloitte did or did not review, or whether Houserman overrode controls on other occasions, *id.* at pp. 48-50, 52-54; and
- Eichberger's investigation, including whether she sufficiently understood the issues, what revisions she made to her report, or whether her conclusions were well-founded, *id.* ¶¶ 93, 107-08.

### IV.   CONCLUSION

Defendants respectfully request that the Court grant this motion and enter an order excluding Goolsby's report, opinions, and testimony.

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 12
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

DATED: November 3, 2020.

**SAVITT BRUCE & WILLEY LLP**

By   *s/James P. Savitt*
James P. Savitt, WSBA #16847
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone:  (206) 749-0500
Facsimile:   (206)749-0600
Email:  jsavitt@sbwLLP.com


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By   *s/Harris Fischman*
Harris Fischman (admitted *pro hac vice*)
Martha Goodman (admitted *pro hac vice*)
Alyson A. Cohen (admitted *pro hac vice*)
Megan L. Gao (admitted *pro hac vice*)
Charles P. Sucher (admitted *pro hac vice*)
David Fish (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: hfischman@paulweiss.com
             mgoodman@paulweiss.com
             acohen@paulweiss.com
             mgao@paulweiss.com
             csucher@paulweiss.com
             dfish@paulweiss.com

*Attorneys for TeleCommunication Systems, Inc., Comtech Telecommunications Corp., Fred Kornberg, and Michael D. Porcelain*

DEFENDANTS' MOTION TO EXCLUDE PROFFERED
EXPERT GARY B. GOOLSBY - 13
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on November 3rd, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> Angelo J. Calfo
> Gabriel Reilly-Bates
> Kristin W. Silverman
> Calfo Eakes PLLC
> 1301 2nd Avenue, Suite 2800
> Seattle, Washington  98101
> angeloc@calfoeakes.com
> gaber@calfoeakes.com
> kristins@calfoeakes.com

Declared under penalty of perjury under the laws of the state of Washington dated at Seattle, Washington, this 3rd day of November, 2020.

/s/ Harris Fischman
Harris Fischman

CERTIFICATE OF SERVICE
No. 2:19-CV-00644-RAJ-BAT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000 • (212) 757-3990