THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNNE HOUSERMAN,

    Plaintiff,

v.

COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN,

    Defendants.

Case No. 2:19-cv-00644-RAJ

SURREPLY REQUEST TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE LYNNE HOUSERMAN'S PROFFERED EXPERT GARY B. GOOLSBY

**Noted on Motion Calendar:
November 20, 2020**

SURREPLY REQUEST TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE LYNNE HOUSERMAN'S PROFFERED EXPERT GARY B. GOOLSBY (CASE NO. 2:19-cv-00644-RAJ)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

Comtech had ample opportunity to depose Ms. Houserman's expert Gary B. Goolsby prior to bringing its *Daubert* motion but, due to its own lack of diligence, did not do so until after it had filed its opening brief and after Ms. Houserman had filed her opposition brief. Comtech is now trying to take advantage of its lack of diligence by relying extensively upon Mr. Goolsby's deposition testimony in its reply brief. In that brief, Comtech misleadingly cites to portions of Mr. Goolsby's testimony without proper context, while omitting the portions of Mr. Goolsby's testimony that actually pertain to the issues before the Court. This tactic is unfairly prejudicial to Ms. Houserman and is prohibited under Ninth Circuit case law. Because Comtech's reply brief relies almost entirely on this new evidence—which is cited on literally every page of the brief—the Court should strike Comtech's reply brief along with the declaration supporting it.

**I. BACKGROUND**

Both parties have known since July 2019 that *Daubert* motions in this case would be due on November 3, 2020. Dkt. 31; LCR 16(b)(4). Both parties have also known since March that discovery in this case would close on October 22, 2020. Dkt. 65. And Comtech has known since August 14, when Ms. Houserman submitted Mr. Goolsby's expert report, that Ms. Houserman intends to offer Mr. Goolsby as an expert. *See* Dkt. 124 ¶ 2. Despite all this, Comtech waited until October 6 to announce—for the first time—that it intended to depose Mr. Goolsby, and that it intended to do so the following week on October 15. Calfo Decl. ¶ 2 & Ex. A. Counsel for Ms. Houserman informed Comtech that its proposed date was unreasonable, given the nearly two-month delay, the impending close of discovery, the many other lay depositions that were scheduled in the same time frame, and the lack of timely notice to Mr. Goolsby. *Id.* ¶ 3 & Ex. A. Counsel nevertheless said he would consult Mr. Goolsby about his schedule. *Id.* On October 12, counsel for Ms. Houserman informed Comtech that Mr. Goolsby could not be available for a deposition on October 15 or at any point before discovery closed on October 22. *Id.* ¶ 5. Counsel for Ms. Houserman could have insisted at that point that Comtech had waived its opportunity to depose

SURREPLY REQUEST TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE LYNNE HOUSERMAN'S PROFFERED EXPERT GARY B. GOOLSBY (CASE NO. 2:19-cv-00644-RAJ) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

1  Mr. Goolsby—whom Comtech had not served with a subpoena—but counsel instead agreed to
2  accommodate Comtech's lack of diligence by negotiating a date on which Mr. Goolsby could be
3  available to be deposed.  *Id.* ¶¶ 4, 6.  The parties agreed upon November 17 for Mr. Goolsby's
4  deposition, knowing that this would not change the date on which a *Daubert* motion would have
5  to be filed.  *See id.* ¶ 6 & Ex. C; Dkt. 102 ¶ 10.  Comtech filed its motion to exclude Mr. Goolsby
6  on November 3, and Ms. Houserman filed her response on November 16.  Dkt. 112; Dkt. 123.  On
7  November 17, Comtech deposed Mr. Goolsby.  *See* Calfo Decl. Ex D.  When Comtech filed its
8  reply in support of its *Daubert* motion on November 20, it relied extensively on portions of Mr.
9  Goolsby's deposition testimony, which were attached to a supporting declaration.  *See* Dkt. 126
10 ("Reply") at 1:4–13 & n.1, 2:5–9, 2:14–17, 3:2–5, 4:1–8; 5:5–7, 6:12–15; Dkt. 127; Dkt. 127-1.

## II. ARGUMENT

The "submission of evidence for the first time upon reply is improper, as it unfairly deprives the non-movant of opportunity to respond." *Chandola v. Seattle Hous. Auth.*, No. C13-557 RSM, 2014 WL 4685351, at *3 n.1 (W.D. Wash. Sept. 19, 2014).  When a party does submit new evidence in a reply brief, LCR 7(g) allows the other party to file a surreply requesting that the Court strike the improper evidence and arguments.  *United Specialty Ins. Co. v. Shot Shakers, Inc.*, No. C18-0596JLR, 2019 WL 199645, at *6 (W.D. Wash. Jan. 15, 2019).

Here, Comtech's reply brief extensively relies on new evidence—namely, Mr. Goolsby's deposition testimony.  Comtech tries to justify its reliance on this new evidence by asserting that Mr. Goolsby's deposition was "taken after Defendants filed the instant motion due to his unavailability before the motion was due," *see* Reply 1: 4–5, but this elides Comtech's own lack of diligence in obtaining his testimony before discovery closed.  Had Comtech not waited until 16 days before the close of discovery to seek his deposition, Mr. Goolsby likely would have been available—or at least could have been compelled by subpoena—to testify for a deposition before Comtech's motion was due.  Instead, Comtech waited and was only able to depose him at all

SURREPLY REQUEST TO STRIKE DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO EXCLUDE
LYNNE HOUSERMAN'S PROFFERED EXPERT GARY
B. GOOLSBY (CASE NO. 2:19-cv-00644-RAJ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

because Ms. Houserman agreed to a stipulation extending discovery. When Comtech agreed to this stipulation it knew—or should have known—that the agreed-upon November 17 deposition date meant that neither party could use Mr. Goolsby's deposition testimony in a *Daubert* challenge.

Comtech now seeks to take advantage of its own lack of diligence by misleadingly citing to Mr. Goolsby's testimony without allowing an opportunity for Ms. Houserman to respond. For example, to support the notion that "Goolsby did not explain how he applied any accounting or auditing expertise," *id.* 2:14–15, Comtech repeatedly cites his responses to questions about the *facts* he considered in this case, rather than his opinions about those facts. *See, e.g., id.* 2:14–17, 4:1–3, 5:5–7 (citing pages 147 to 154 of Goolsby's testimony); *cf.* Dkt. 127-1 at 147:2–153:25 (responding to questions about the "*facts* . . . on which [he] relied" (emphasis added)). Comtech meanwhile wholly omits the many pages of testimony in which Mr. Goolsby explained in detail how he applied his experience and expertise to arrive at his conclusions. *See, e.g.*, Calfo Decl. Ex. D 138:6–147:1 (responding to questions about the "*principles of accounting and auditing*" he applied); *see also id.* 157:1–158:11 (SOX), 167:9–169:23 (COSO), 180:19–182:13 (governance under COSO), 187:16–190:10 (experience with accrual accounting), 250:25–254:9 (auditing experience). Comtech also misleadingly cites Mr. Goolsby's testimony to suggest he is offering opinions on individuals' states of mind, *see, e.g.*, Reply 4:3–8, while omitting that he clearly, repeatedly, and unequivocally stated that he was not and could not opine on state of mind, *see, e.g.*, Calfo Decl. Ex. D 104:11–16 ("Sir, are you offering an opinion on anybody's state of mind in this case? A: No."); *see also id.* 104:17–105:11, 122:15–123:6, 125:8–126:25. And Comtech's reply again attacks Mr. Goolsby's expertise in governance, Reply 5:10–11, while omitting that Mr. Goolsby testified at length about his governance expertise, *see, e.g.*, Calfo Decl. Ex. D 75:3–78:16.

### III. CONCLUSION

Because Comtech's reply unfairly relies on new evidence, the Court should strike Comtech's reply and supporting declaration.

SURREPLY REQUEST TO STRIKE DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO EXCLUDE
LYNNE HOUSERMAN'S PROFFERED EXPERT GARY
B. GOOLSBY (CASE NO. 2:19-cv-00644-RAJ) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

Dated this 25th day of November, 2020.

**CALFO EAKES LLP**

By: */s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA# 27079
Kristin W. Silverman, WSBA #49421
Gabriel Reilly-Bates, WSBA #52257
Henry C. Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone: (206) 407-2200
Email:  angeloc@calfoeakes.com
kristins@calfoeakes.com
gaber@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Lynne Houserman*

SURREPLY REQUEST TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE LYNNE HOUSERMAN'S PROFFERED EXPERT GARY B. GOOLSBY (CASE NO. 2:19-cv-00644-RAJ) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224