HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNNE HOUSERMAN,<br><br>           Plaintiff,<br>   v.<br><br>COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN<br><br>           Defendants. | No. 2:19-cv-00644-RAJ<br><br>ORDER ON DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S PROFFERED EXPERT GARY B. GOOLSBY |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Exclude Plaintiff's Proffered Expert Gary B. Goolsby. Dkt. # 112. Plaintiff opposes the motion. Dkt. # 123. Upon review of the briefing, record, and relevant case law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the motion.

As a preliminary matter, the Court considers Plaintiff Lynne Houserman's ("Plaintiff" or "Ms. Houserman") surreply asking the Court to strike new evidence submitted for the first time in Defendants Comtech Telecommunications Corporation, Fred Kornberg, and Michael D. Porcelain's (collectively "Defendants") reply brief pursuant to LCR 7(g). Dkt. # 132 at 3. In their reply, Dkt. # 126, Defendants rely on Mr.

ORDER – 1

1 Goolsby's deposition, which was taken on November 17, 2020,[1] two weeks after they
2 filed the instant motion, which was due on November 3, 2020.  The Court agrees that
3 Defendants' submission of Mr. Goolsby's testimony for the first time in their reply is
4 improper.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that
5 "[w]here new evidence is presented in a reply . . . the district court should not consider
6 the new evidence without giving the [non-]movant an opportunity to respond.").  The
7 Court therefore strikes the reply brief and declaration supporting it.

## II.   LEGAL STANDARD

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  A trial court must ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  The testimony is reliable "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline," and it is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry."  *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quoting *United States v. Sandoval–Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).  "Shaky but admissible evidence" is to be attacked by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," not exclusion.  *Daubert*, 509 U.S. at 596.  A trial court has "broad discretion in assessing the relevance and reliability of expert testimony." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)

"[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of

---

[1] The Court had granted a limited extension of the October 22, 2020 discovery deadline for select depositions as stipulated by the parties.  Dkt. # 103.

ORDER – 2

the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). However, an "expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592.

### III.  DISCUSSION

Defendants seek to exclude Gary B. Goolsby as an expert witness on whether Plaintiff overrode Comtech's internal controls and whether her conduct was deficient. Dkt. # 112 at 5. Defendants assert that Mr. Goolsby's opinions are unreliable because he provides "no explanation of *what* accounting and auditing knowledge and experience he applied to arrive at this opinion, *why* that is a sufficient basis for the opinion, and *how* it was reliably applied to the relevant evidence." *Id.* Defendants also argue that Mr. Goolsby's opinions are inadmissible because they are unhelpful to the jury and constitute a "slanted rehashing of the evidence." *Id.* at 13-14. Finally, Defendants claim that Mr. Goolsby's report is inadmissible because it is rife with irrelevant facts and conclusions. *Id.* at 15. The Court considers each argument in turn.

#### A.  Reliability of Expert Opinions

Defendants argue that Mr. Goolsby's opinion that Plaintiff did not override Comtech's internal controls "is based solely on *ipse dixit*[] and is lacking any explanation as to how his decades of accounting and auditing experience support his opinion." *Id.* at 9. Indeed, Defendants assert that his conclusions are "untethered from any knowledge or experience in accounting and auditing." *Id.* at 10. They claim that his opinion on whether Plaintiff's conduct was deficient "lacks any analytical connection (let alone a reliable one) with evidence that demonstrates application of specialized knowledge and experience." *Id.* at 12. Defendants also claim that Mr. Goolsby's alleged lack of expertise in "governance" renders his conclusions about Comtech's governance inadmissible. The Court disagrees.

Mr. Goolsby is a Certified Public Accountant with over 46 years of experience in accounting and auditing, risk management, and consulting and testifying as an expert in

ORDER – 3

accounting standards, governance, and internal controls, among other related topics.  Dkt. 124-1 ¶¶ 3-4.  He worked for a major accounting firm for 28 years, serving as a partner for 18 years, and working in various audit-related roles.  *Id.* at 59.  Plaintiff proffers his expert testimony on whether Plaintiff's conduct violated any internal controls or accounting standards, or whether it constituted a significant deficiency.  Dkt. # 123 at 4.

Mr. Goolsby's report is based on reliable principles.  He lays the foundation for his analysis by delineating the COSO framework for establishing internal controls and evaluating effectiveness.  Dkt. # 124-1 ¶¶ 36-37.  He describes the components of effective internal control according to COSO, *id.* ¶ 40-45, defines deficiencies in internal controls under Internal Control Over Financial Reporting ("ICFR") standards, *id.* ¶¶ 47-49, and explains accrual accounting—generally and in relation to Ms. Houserman's conduct—pursuant to Generally Accepted Accounting Principles ("GAAP"), *id.* ¶¶ 50-53.  An expert witness's "reliance upon GAAP and other industry standards constitutes the type of non-scientific, but admissible, expert methodology envisioned in *Kumho*." *S.E.C. v. Johnson*, 525 F. Supp. 2d 70, 75 (D.D.C. 2007) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Mr. Goolsby conducts his own analysis of the facts based upon GAAP and COSO framework principles and demonstrates the application of his specialized knowledge and experience throughout his report.  The Court therefore finds that Mr. Goolsby's opinions are not untethered nor unreliable.

The Court also finds that his knowledge and experience as an auditor and certified accountant render him qualified to opine on corporate governance as it relates to internal controls.  *See Drebing v. Provo Grp., Inc.*, 519 F. Supp. 2d 811, 816 (N.D. Ill. 2007) (holding that a "CPA who has provided expert testimony about other forensic accounting issues . . . is qualified to review corporate records . . . and draw conclusions about corporate governance.").  His opinions are not inadmissible on the basis of unreliablility.

### B. Helpfulness to the Jury

"Expert testimony which does not relate to any issue in the case is not relevant

ORDER – 4

and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (internal citation and quotations omitted). Defendants assert that Mr. Goolsby's "rehash" or summarizing of evidence and conclusions with "improper, inflammatory, and biased comments, many prefaced by the phrase, 'In my opinion,'" should not be admitted. Dkt. # 112 at 4. They contend that such credibility determinations fall "squarely within the ken of the jury." *Id.* The Court disagrees with Defendants' characterization.

As noted above, an expert witness is "permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592. Mr. Goolsby's conclusions are based on his analysis of the facts, which would certainly require a review or "summarizing" of the evidence and application of his specialized knowledge and background. His opinions as an expert in financial accounting, audits, and internal controls would be helpful to the jury and do not invade its province.

**C.    Relevance**

Finally, Defendants' argue Mr. Goolsby provides irrelevant opinions in his report and that "some border on improper legal conclusions." Dkt. # 112 at 16. They provide examples, including his opinions on whether the $6.297 million reduction was an error or made sense from a business perspective; whether Ms. Houserman's conduct was "willful" within the meaning of the employment contract; whether members of the finance team were competent or complied with internal controls; whether Comtech or Deloitte identified Ms. Houserman's override of internal controls and deemed it a Significant Deficiency; and whether Comtech's investigator's conclusions were well-founded. *Id.* at 16. The Court is unpersuaded that conclusions on these matters "are wholly irrelevant to [Mr. Goolsby's] assignment." *Id.* at 15.

Mr. Goolsby's assignment was to assess independently whether Ms. Houserman overrode and violated Comtech policies and thereby created a Significant Deficiency in Comtech's internal controls which ultimately resulted in Comtech terminating her

ORDER – 5

employment. Whether the $6.297 million reduction made sense from a business perspective and whether Ms. Houserman was reasonable in believing as much is part of the assessment of whether she willfully overrode the internal controls and violated policy. Whether other members of the finance team were competent or complied with internal controls is also part of the analysis, as is whether the conclusions drawn by Comtech's investigator were well-founded. Finally, whether Comtech or Deloitte identified Ms. Houserman's override of internal controls also goes to the issue of whether she violated internal controls, which was ultimately used to justify her termination.

While Defendants may disagree with Mr. Goolsby's opinions, they have not shown any basis upon which to exclude them. Counsel's arguments are ripe for rigorous cross-examination but do not serve as justification for exclusion. Indeed, Defendants' argument here appears to "go to the weight of the expert's testimony rather than the admissibility." *S.E.C. v. Johnson*, 525 F. Supp. 2d 70, 76 (D.D.C. 2007) (internal citation and quotations omitted). Defendants are free to challenge any and all of Mr. Goolsby's findings and conclusions at trial. The Court finds that Mr. Goolsby opinions are admissible.

## IV. CONCLUSION

Based on the reasons above, the Court **DENIES** Defendants' Motion to Exclude Lynne Houserman's Proffered Expert Gary B. Goolbsy. Dkt. # 112. The Court also **STRIKES** Defendants' Reply, Dkt. # 126, and Defendants' Supplemental Declaration, Dkt. # 127.

DATED this 28th day of December, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6