HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNNE HOUSERMAN,<br><br>                    Plaintiff,<br>   v.<br><br>COMTECH TELECOMMUNICATIONS<br>CORPORATION, FRED KORNBERG, AND<br>MICHAEL D. PORCELAIN<br><br>                    Defendants. | No. 2:19-cv-00644-RAJ<br><br><br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Seal Certain Exhibits Filed in Support of Defendants' Motion for Summary Judgment.  Dkt. # 114. Plaintiff opposes this motion.  Dkt. # 122.  Upon reviewing the exhibits, the parties' arguments, and the relevant case law, the Court **GRANTS** the motion.

## II.   BACKGROUND

Defendant Comtech TeleCommunications Corporation ("Comtech") is a leading provider of advanced communication solutions for governmental and commercial customers.  Dkt. # 111 at 6.  Plaintiff Lynne Houserman ("Plaintiff" or "Ms. Houserman") had been employed by Comtech as the president of its Safety and Security

ORDER – 1

Technologies Group ("SST") until her termination on April 2, 2018.  Dkt. # 76 ¶¶ 3.2-4.2.

On March 6, 2019, TeleCommunications Systems ("TSYS") sued Ms. Houserman and her new employer, Motorola Solutions, Inc., alleging breach of contract, tortious interference with contract, and tortious interference with business expectancy.  Dkt. # 28 at 2.  On May 1, 2019, Ms. Houserman sued Comtech, TSYS's parent corporation, and two of its officers, Fred Kornberg, and Michael D. Porcelain (collectively "Defendants"), alleging breach of contract, unlawful wage withholding, discrimination, retaliation, and wrongful discharge in violation of public policy.  Dkt. # 76 ¶¶ 5.1-9.6.  The Court consolidated the actions on December 4, 2020.  Dkt. # 142.

On November 3, 2020, Defendants filed two motions: (1) a motion for summary judgment, Dkt.  # 111, and (2) a motion to exclude Plaintiff's proffered expert, Gary B. Goolsby, Dkt. # 112.  Defendants filed 69 exhibits in support of these motions attached to the Declaration of Martha L. Goodman.  Dkt. # 113.  The next day, Defendants filed a motion to seal twenty of the exhibits.  Dkt. # 114.  Specifically, Defendants moved the Court to seal information contained in Exhibits 2, 8-11, 14, 21, 26, 28-30, 32, 37, 40, 47, 48, 50, 57, 58, and 61.  *Id.* at 2.

Prior to the filing of these motions, the parties had stipulated to an amended protective order governing the production and disclosure of all documents or information during the discovery process.  Dkt. # 40.  Under that order, the parties may designate material "CONFIDENTIAL."  *Id.* at 3.  The parties define "confidential material" as material that may include "development information . . . internal documents related to compensation of Comtech or TSYS employees . . . documents related to Comtech's or TSYS's internal budgets, goal sheets or non-public, financial information," among other categories of documents and information.  *Id.* at 2.  The parties noted, however, that while these categories of documents may contain confidential information, neither party agreed that specific documents and/or information are in fact confidential.  *Id.*

ORDER – 2

1        Although the parties met and conferred to discuss the confidential designations of

2 the exhibits at issue, as required by the protective order, Dkt. # 40 at 7, they failed to

3 reach a resolution, Dkt. # 114 at 2.  Defendants now move the Court to seal twenty

4 exhibits attached to the Declaration of Martha L. Goodman in support of Defendants'

5 Motion for Summary Judgment and Motion to Exclude Houserman's Proffered Expert,

6 Gary B. Goolsby.  Dkt. # 114 at 3.

7                         **III.  LEGAL STANDARD**

8        "Historically, courts have recognized a 'general right to inspect and copy public

9 records and documents, including judicial records and documents.'"  *Kamakana v. City &*

10 *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner*

11 *Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A party seeking "to maintain the

12 secrecy of documents attached to dispositive motions must meet the high threshold of

13 showing that compelling reasons support secrecy." *Id.* at 1180 (internal quotation marks

14 omitted).  Accordingly, "[u]nless a particular court record is one traditionally kept secret,

15 a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal

16 quotation marks omitted).

17        Under Rule 26(c), a trial court has broad discretion to permit sealing of court

18 documents for the protection of "a trade secret or other confidential research,

19 development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  As the Supreme

20 Court has recognized, sealing may be justified to prevent judicial documents from being

21 used "as sources of business information that might harm a litigant's competitive

22 standing." *Nixon*, 435 U.S. at 598.  The party seeking to seal a judicial record, however,

23 must show that "compelling reasons supported by specific factual findings . . . outweigh

24 the general history of access and the public policies favoring disclosure." *Kamakana*,

25 447 F.3d at 1178-79 (internal citations omitted).  "Broad allegations of harm,

26 unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*

27 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

28 ORDER – 3

Furthermore, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g).  Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient."  W.D. Wash. Local Rules LCR 5(g)(3)(B).

## IV.  DISCUSSION

Defendants provide several reasons for sealing exhibits.  First, Defendants contend that seventeen exhibits should be filed under seal because they contain "highly confidential employee compensation information and performance metrics, which relate to confidential business unit performance data and projections."  Dkt. # 114 at 3. Exhibits 2, 8, 9, 10, 11, 21, 26, 28, 29, 30, 32, 47, 48, 50, 57, 58, and 61 fall within this category.  *Id.*  Next, Defendants contend that Exhibit 14 should be redacted because it "is an internal and confidential management presentation containing financial projections, customer information, analysis of Comtech's competitive landscape and market position, business strategy and initiatives, profitability analysis, and potential business opportunities."  *Id.*  Defendants claim that they would suffer injury if any of these exhibits were to be made publicly available. Dkt. # 114 at 2.  Finally, they request that Exhibits 37 and 40 be filed under seal pursuant to the request by Deloitte & Touche LLP, a non-party to the case. Dkt. 114 at 3.  The Court will examine the arguments in turn.

### A.    Compelling Reasons to Seal

A party seeking to seal a document attached to a dispositive motion must demonstrate compelling reasons to do so.  *See Kamakana*, 447 F.3d at 1180.  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  *Id.*

ORDER – 4

at 4.  Defendants claim that its competitors would gain a competitive advantage over Comtech by gaining access to confidential information related to Comtech's finances and business strategy and compensation structure.  *Id.*  Defendants contend that these documents are "commercially sensitive" because they disclose base and bonus compensation figures as well as the compensation structure used to determine those figures.  Dkt. # 128 at 2.  According to Defendants, such information can be used to "poach" Comtech's division leaders and compete for potential employees.  *Id.*

The Court agrees that such confidential business strategy and compensation structures may be sealed to avoid harm from competitors.  Courts have held that information about compensation structures and incentive programs that are not publicly available may be filed under seal because the "likelihood of an improper use by competitors" provides a compelling reason to do so.  *Sullivan v. Deutsche Bank Americas Holding Corp.*, No. 08-CV-2370 LPOR, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010); *see also Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 1159251, at *11 (W.D. Wash. Feb. 16, 2018), *report and recommendation adopted*, No. C15-1483JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018) (holding that there is a compelling reason to keep information related to  "compensation structure" under seal).

Plaintiff argues, however, that the information Defendants seek to seal is "stale," "generic," "lacks any competitive value," or is similar to information that Defendants had already publicly disclosed.  Dkt. # 122 at 2.  The Court will consider each argument as presented.

Plaintiff points to Exhibit 14, a 2015 TeleCommunications Systems, Inc. presentation with Ms. Houserman's notes, as an example of a stale exhibit with no competitive value.  *Id.* at 7.  Defendants argue, however, that despite being a few years old the information "remains relevant and valuable to competitors because much of the confidential strategies and metrics discussed are still used by Comtech today."  Dkt. # 128 at 4.  Plaintiff also claims that all the compensation issues Defendants seek to

ORDER – 5

redact "date back to 2018 or earlier, and thus, it is not current information having any competitive value." Dkt. # 122.  The Court disagrees.

Beyond noting that the compensation information Defendants seek to seal is not the most current, Plaintiff provides no evidence to show that the information is no longer part of business strategies or metrics that are used today.  The Court finds that Defendants are better situated to know whether confidential compensation structures in place two or three years ago are still in use and whether they should therefore be kept confidential. *See Overton v. Sanofi-Aventis U.S., LLC*, No. CIV. A. 13-05535 DEA, 2014 WL 1554718, at *3 (D.N.J. Apr. 9, 2014) (holding that defendant is "in the best position to judge the sensitivity and importance of the at-issue documents.").

Plaintiff argues that the type of compensation information that Defendants seek to seal is "similar to information that is already publicly available." Dkt. # 122 at 5. Plaintiff notes that Comtech's Proxy Statements for 2018 and 2019, which were filed here unsealed, include Comtech executives' bonus goals including salaries, total direct compensation, target bonus amounts, detailed histories of stock awards, etc. *Id.* Plaintiff claims that the information Defendants' seek to seal is disclosed in its SEC filings. *Id.* In response, Defendants explain that Comtech's compensation structure "is described at a high level of generality in its public filings" with the SEC. Dkt. # 116 at 2. Defendants point to their 2019 proxy statement to demonstrate that they explicitly do not disclose certain information publicly:

> The specific level of business-unit performance targets, the pre-tax profits cap on the payout, the actual achievement of business-unit results, detailed personal performance goals and related achievement are not disclosed in this proxy statement because these items are confidential business information, the disclosure of which would result in competitive hard for the Company.

Dkt. # 120-2 at 37.

Finally, Defendants note that the information they seek to seal provides detailed figures, analysis, and strategy that are specific to Comtech, and does not constitute the

type of generic or "routine business practices, common to all such companies," as alleged by Plaintiff. *Id.* (citing *Karpenski v. Am. Gen. Life Companies*, LLC, No. C12-1569RSM, 2013 WL 3191878, at *7 (W.D. Wash. June 20, 2013). Plaintiff has failed to demonstrate that the information Defendants move to seal is no longer relevant, specific to Comtech, or confidential. The Court finds that such confidential business information could be used by competitors to undermine Comtech's ability to hire or retain senior-level executives. This risk of harm provides a compelling reason to keep the information under seal.

### B.      Less Restrictive Options

Under Local Rule 5(g)(3)(B)(iii), a party designating information as confidential must articulate "why a less restrictive alternative to the relief sought is not sufficient." Defendants move to seal four documents in their entirety: Exhibits 8, 11, and 50 are spreadsheets and tables consisting of compensation figures, goals, and calculations, while Exhibit 10 is an excerpt from Comtech's Compensation Guidelines. Dkt. # 128 at 6. They make this request because "the redactions that would be required would be so extensive so as to render the unsealed information meaningless." *Id.* After reviewing the exhibits at issue, the Court agrees that these exhibits may be kept under seal based on the confidential business information.

With respect to the other exhibits, the Court finds that Defendants have limited their redactions to figures, calculations, and information that is directly related to compensation structures and business strategy. Dkt. # 117; Dkt. # 119. This limited redaction provides the least restrictive way to protect confidential information and permit disclosure of non-confidential information in satisfaction of the local rules.

### C.      Plaintiff and Non-Party Requests to Seal

Defendants note that they conferred with Deloitte & Touche LLP, a non-party, who requested that Defendants file Exhibits 37 and 40 under seal. Dkt. # 114 at 3. Deloitte's counsel indicated that its audit methodology and working papers are

ORDER – 7

proprietary and should therefore be kept under seal.  Dkt. 115 at 3.  The Court agrees and GRANTS this request to seal proprietary business documents.

Plaintiff seeks to redact her personal home address from Exhibit 13, her 2017 W-2, from which Comtech already redacted her tax and financial information that is irrelevant to the matter at issue.  Dkt. # 122 at 11.  Plaintiff has not identified any compelling reason to redact her personal home address, which is already publicly available.  The Court sees no reason why this information should be redacted, and therefore DENIES this request.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Seal Certain Exhibits Filed in Support of Defendants' Motion for Summary Judgment.  Dkt. # 114.  The Court **DENIES** Plaintiff's request to redact her address from Exhibit 13.  Dkt. # 122.

DATED this 6th day of January, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8