HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNNE HOUSERMAN,

    Plaintiff,

 v.

COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN

    Defendants.

TELECOMMUNICATION SYSTEMS, INC.,
    Plaintiff,

 v.

LYNNE HOUSERMAN AND MOTOROLA SOLUTIONS, INC.,
    Defendants.

**CONSOLIDATED UNDER NO. 2:19-CV-00644-RAJ**

NO. 2:19-CV-00336-RAJ
NO. 2:19-CV-00644-RAJ

ORDER ON THE PARTIES' MOTIONS IN LIMINE

## I.  INTRODUCTION

This matter comes before the Court on the parties' motions *in limine*. Dkt. ## 164, 166. Having reviewed the motions, the record, and files therein, the Court finds that oral argument is unnecessary. For the following reasons, the Court **GRANTS in part** and

ORDER – 1

**DENIES in part** the motions.

## II. BACKGROUND

This matter is scheduled for a jury trial on March 15, 2021. Dkt. # 171. Lynne Houserman and Motorola Solutions Inc. ("Motorola") filed motions *in limine* on January 4, 2021. Dkt. # 164. The same day, TeleCommunication Systems ("TCS"), Comtech Telecommunications Corp. ("Comtech"), Michael Porcelain, and Fred Kornberg (collectively, "Comtech Parties") filed their motions *in limine*. Dkt. # 166. The details of the consolidated cases are set forth in the Court's order on the parties' motions for summary judgment and will not be repeated here. *See* Dkt. ## 163, 176.

## III. LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). To decide motions *in limine*, the Court is generally guided by Federal Rules of Evidence 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV. DISCUSSION

The findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce*, 469 U.S. at 41 (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in*

ORDER – 2

*limine* ruling."). Subject to these principles, the Court issues these rulings for the guidance of the parties.

### A. Ms. Houserman and Motorola's Motions *in Limine*

#### i. Ms. Houserman and Motorola's Motion *in Limine* No. 1

Ms. Houserman and Motorola seek to prohibit the Comtech Parties from cross-examining Ms. Houserman's expert witness, Gary Goolsby, about allegations of fraud involving Arthur Anderson clients (including but not limited to Enron, Sunbeam, and Waste Management), the surrounding publicity, and the reasons for Mr. Goolsby's removal from Arthur Anderson. Dkt. # 164 at 2-3. Ms. Houserman claims that these matters are irrelevant, unfairly prejudicial, and pose a danger of confusing the issues and wasting time with "mini-trials." *Id.* at 4.

The Comtech Parties counter that such matters related to Mr. Goolsby's professional background are probative of his qualifications, his credibility, and the reliability of his opinions with respect to accounting misconduct in this case. Dkt. # 174 at 7. Mr. Goolsby worked at Arthur Anderson as a partner for 28 years. *Id.* He served as Managing Partner of Global Risk Management at the company during the period of alleged misconduct and was ultimately removed from his leadership position for his alleged role in the destruction of Enron-related documents. *Id.*; Dkt. # 175-5 at 2. The Court finds cross-examination with respect to Mr. Goolsby's professional background to be probative of his qualifications and his reliability. The Court finds this cross-examination to be relevant and not unfairly prejudicial. The court will not permit or tolerate this examination to proceed to a mini-trial on Mr. Goolsby's professional background. And the Court expects limited examination on this topic. If the parties desire a limiting instruction on the scope of this examination, it should be submitted for review in advance of the trial. The motion is **DENIED**.

#### ii. Ms. Houserman and Motorola's Motion *in Limine* No. 2

ORDER – 3

Ms. Houserman next seeks an order prohibiting evidence, arguments, or questioning on the issue of Motorola's attempted acquisitions of TCS/Comtech on several occasions beginning in 2015. Dkt. # 164 at 5. The Comtech Parties claim that such evidence is probative of Motorola's "intent and motive to tortiously interfere with TCS's contract with Houserman and with TCS' customer relationships with South Dakota and GDIT." Dkt. # 174 at 11. The Court's order on the parties' motions for summary judgment significantly limits the scope of relevance for this evidence because the Court granted summary judgment in favor of Ms. Houserman and Motorola for the tortious interference claims with respect to South Dakota and GDIT. Dkt. # 176. The Court also limited the scope of the breach of contract claim to the confidentiality provision. *Id.* The Court finds, however, that given this limited scope of applicability, the Comtech Parties' evidence with respect to Motorola's acquisition attempts of TCS/Comtech is relevant background information as it goes to notice and intent of the claim of tortious interference for the jury to consider. The motion is **DENIED**.

### iii.  Ms. Houserman and Motorola's Motion *in Limine* No. 3

Ms. Houserman and Motorola move to exclude TCS Exhibit 36, which is an email thread between Bill Mertka (Motorola Senior Product Planning Consultant) and Tom Guthrie (Motorola's Vice President of Public Safety Solutions), copying three Motorola sales directors. Dkt. # 164 at 7. In the email, Mertka discusses a recent meeting with another company and says that while he is "not sure about them," he recommends that Motorola "play along with this a little while longer, if for no other reason for us to 'get a look under the hood' and see what their solution is all about." Dkt. # 165-3 at 3. The Comtech Parties assert that this email is admissible "as a party admission, under the business records exception, and is probative of [Motorola's] intent to expand in the 911 space and motivation to grow its call handling business." Dkt. # 174 at 12.

The email thread between Motorola executives does not relate to or mention Comtech, and neither Mertka nor Guthrie have been deposed or are noted as witnesses by

ORDER – 4

the Comtech Parties. Dkt. # 164 at 7. Ms. Houserman and Motorola argue that the email is (1) irrelevant, (2) inadmissible under Rule 404(b)(1) prohibiting evidence of other acts to prove a person's character, (3) inadmissible hearsay, and (4) unduly prejudicial. This exhibit presents evidence that is irrelevant, unduly prejudicial, calls for speculation and there is insufficient foundation for its admissibility. The motion is **GRANTED**.

### iv. Ms. Houserman and Motorola's Motion *in Limine* Nos. 4 & 6

In the fourth motion *in limine*, Ms. Houserman and Motorola seek to bar argument, evidence, or questioning regarding any arrangements relating to Ms. Houserman's payment of attorneys' fees, which they claim is irrelevant to any of the claims or defenses at issue. Dkt. # 164 at 9. In the sixth motion, Ms. Houserman seeks to bar evidence regarding Motorola's indemnification of her in connection with lawsuits arising from restrictive covenants with previous employers. Dkt. # 164 at 10. She argues that (1) the indemnification agreement is irrelevant to the claims and defenses at issue; (2) its probative value is outweighed by a danger of unfair prejudice under Federal Rule of Evidence 403; and (3) it is inadmissible Rule 411. Federal Rule of Evidence 411 provides the following:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

The Comtech Parties argue that the indemnification, which Ms. Houserman specifically requested, "is relevant to show a party's knowledge of wrongdoing." Dkt. # 174 at 13-14. This contravenes Rule 411's prohibition on introducing such evidence to demonstrate that a party acted wrongfully. Fed. R. Evid. 411. Indeed, the Comtech Parties are not seeking to introduce the evidence to prove bias or prejudice as permitted in the exceptions to the rule; they are seeking to prove what is explicitly prohibited by it. *See id.*; *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008) (holding that in the absence of exceptions listed in Rule 411, "[t]here was . . . no

ORDER – 5

permissible ground on which Plaintiffs could introduce evidence of indemnification").

Moreover, because Ms. Houserman was terminated for cause and did not depart Comtech on good terms, any concerns regarding potential litigation are not probative of her intent to breach any restrictive covenants. The Court finds that the probative value of such evidence is outweighed by a danger of unfair prejudice under Rule 403. The motion is **GRANTED**.

### v. Ms. Houserman and Motorola's Motion *in Limine* No. 5

Ms. Houserman and Motorola move to preclude reference to Ms. Houserman's potential awards of attorney's fees. Dkt. # 164 at 10. The Comtech Parties do not oppose this. Dkt. # 174 at 7 n.1. The motion is **GRANTED**.

### vi. Ms. Houserman and Motorola's Motion *in Limine* No. 7

Here, Ms. Houserman seeks to exclude argument, evidence, or testimony regarding any purported restrictive covenants binding Ms. Houserman that are contained in various equity award agreements that are subject to Comtech's 2000 Stock Incentive Plan ("the Plan"). Dkt. # 164 at 11-12. According to the Comtech Parties, these agreements are the ground for their counterclaim against Ms. Houserman for breach of her award agreements and are "essential to proving the counterclaim." Dkt. # 174 at 16. In its counterclaim, the Comtech alleges that Ms. Houserman engaged in "Detrimental Activity," which Comtech claims entitled it to forfeit some of Ms. Houserman's stock award. Dkt. # 17 ¶ 13.

In this motion, Ms. Houserman contends that the Comtech Parties are now diverging from their counterclaim by seeking to argue and introduce evidence that Ms. Houserman was, in fact, subject to restrictive covenants under the Plan. Dkt. # 164 at 12. "The problem with this argument," they claim, "is that nowhere in the Plan does Ms. Houserman covenant—or agree—not to engage in Detrimental Activity." *Id.* Whether Ms. Houserman is bound by the agreements and to what extent are matters for the jury to consider; the Court finds no grounds on which to exclude evidence or arguments related

ORDER – 6

to the agreements. The Court does not find the evidence to be unduly prejudicial. The motion is **DENIED**.

### vii. Ms. Houserman and Motorola's Motion *in Limine* No. 8

Like the last motion, Ms. Houserman moves to exclude argument, evidence, or testimony of any of her alleged post-employment "Detrimental Activity." Dkt. # 164 at 14. Because two of the three restrictive covenants in Ms. Houserman's 2014 employment contract have been found unenforceable by this Court, *see* Dkt. # 176, the evidence of alleged "Detrimental Activity" under the invalid covenants will no longer be relevant. The Comtech Parties' arguments and evidence on this matter will be significantly limited as a result and unlikely to cause undue delay or waste time as alleged by Ms. Houserman. The Court does not find this evidence to be unduly prejudicial under Rule 403. This motion is **DENIED**.

### viii. Ms. Houserman and Motorola's Motion *in Limine* No. 9

Ms. Houserman seeks to preclude deposition or live testimony by Nicole Eichberger in which she opines that Ms. Houserman is not credible. Dkt. # 164 at 15. Ms. Eichberger is a partner at the law firm Proskauer Rose LLP, who investigated some of Ms. Houserman's claims against Comtech. Dkt. # 174 at 19. Ms. Eichberger claimed that Ms. Houserman was not credible because she did not tell her the truth in her interviews with respect to (1) Ms. Houserman's failure to timely raise her questions with respect to goal sheet and (2) her unawareness of the appropriate method to submit her goal sheet for financial accounting. Dkt. # 165-6 at 4-5.

Ms. Houserman claims that Ms. Eichberger's attacks on Ms. Houserman's credibility as a witness are not permitted under Federal Rule of Evidence 608(a) because they do not address Ms. Houserman's reputation for having a character of untruthfulness. Dkt. # 164 at 15. The Court agrees. Ms. Houserman's responses to two questions do not alone provide evidence of a reputation or character for untruthfulness under Rule 608(a).

ORDER – 7

The Court also finds that the probative value of this testimony is substantially outweighed by the danger of unfair prejudice. The motion is **GRANTED**.

### ix.  Ms. Houserman and Motorola's Motion *in Limine* No. 10

In this motion, Ms. Houserman and Motorola seek to exclude the opinions and testimony of Todd Milbourn, PhD, that are discussed in Section VI of his expert report because they were disclosed on October 2, 2020, seven weeks after the deadline for disclosing experts. Dkt. # 164 at 16. Ms. Houserman and Motorola had separately moved to exclude the same portion of Dr. Milbourn's opinion, which focused on damages related to the violation of a non-compete agreement. *Id.* Having concluded in its order on the parties' motions for summary judgment that the non-compete provision at issue here is unenforceable, Dkt. # 176, the Court denied Ms. Houserman and Motorola's separate motion to exclude the opinions of Dr. Milbourn as moot. Dkt. # 177. For the same reason, this motion is **DENIED** as moot.

### x.  Ms. Houserman and Motorola's Motion *in Limine* No. 11

Finally, Motorola moves to exclude the designated deposition testimony of its Chief Executive Officer, Greg Brown. Dkt. # 164 at 18. Motorola claims that the Comtech Parties seek to introduce opinions from Mr. Brown that are not within the scope of admissible testimony for a lay witness. *Id.* Motorola asserts that during his deposition, Mr. Brown was asked "(i) improper questions based on hypotheticals; (ii) to offer opinions about documents he had never seen . . . ; and (iii) to react to cherry picked portions of Ms. Houserman's testimony." *Id.* Questions on whether certain actions would violate Motorola's standards of business conduct or how Mr. Brown might respond to finding of an auditor based on his experience as a CEO were similarly improper, according to Motorola. Testimony responding to such inquiries, Motorola argues, should be excluded pursuant to Rule 701(a), which limits a lay witness's testimony to opinion that is "rationally based on the witness's perception." *Id.*; Fed. R.

ORDER – 8

1  Evid. 701(a).  Such testimony is irrelevant, unhelpful to a jury, unfairly prejudicial, and
2  lacking sufficient foundation.  *Id.* at 18-19.  The Court disagrees.
3     As the CEO of Motorola, Mr. Brown has personal knowledge to testify about the
4  company's code of business conduct, how it applies to its business and hiring practices,
5  and what types of actions might violate the code.  *See In re Homestore.com, Inc. Sec.*
6  *Litig.*, 347 F. Supp. 2d 769, 780 (C.D. Cal. 2004) (holding that a chief financial officer of
7  a company "had the personal knowledge to testify about how [the company] operated, his
8  impressions of [the defendant's] role in [the company], and other related matters.").  His
9  perceptions as the CEO of Motorola are admissible.  So long as this witness does not
10 cross the evidentiary Rule 702 boundary by offering testimony that would be traditionally
11 limited to expert witnesses, his testimony is permitted.  The Court does not find the
12 probative value of his testimony to be substantially outweighed by the risk of prejudice
13 under Rule 403.  This motion is **DENIED**.

14     **B.     The Comtech Parties' Motions** *in Limine*
15          **i.     The Comtech Parties' Motion** *in Limine* **No. 1**
16 In their first motion *in limine*, the Comtech Parties seek to exclude evidence of
17 gender-related complaints at Comtech that are unrelated to Ms. Houserman's claim.  Dkt.
18 # 166 at 8.  The Comtech Parties claim that "allegations made by non-parties, which were
19 not litigated, are irrelevant" and are not sufficiently related to Ms. Houserman's
20 allegations and circumstances.  *Id.* at 9-10.  They allege that the claims are highly
21 prejudicial and should be excluded pursuant to Rule 403.  *Id.* at 12.
22 The Ninth Circuit has held that such evidence is admissible to prove intent of an
23 employer to discriminate under Rule 404(b) of the Federal Rules of Evidence.  *See, e.g.*,
24 *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) (holding that "an employer's
25 conduct tending to demonstrate hostility towards a certain group is both relevant and
26 admissible where the employer's general hostility towards that group is the true reason
27 behind firing an employee who is a member of that group"); *E.E.O.C. v. Farmer Bros.*
28 ORDER – 9

*Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (holding that "[b]ecause hostility against women underlies decisions to discharge or to refuse to hire women because of their gender, evidence of sexual harassment often will be relevant to claims of gender-based employment discrimination").

Nonetheless, a court considering whether evidence is prejudicial under Rule 403 must conduct a fact-based inquiry. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008); *Constance Hanson-poulsen v. Dep't of Def. of the USA*, No. 216CV05786DMGAFMX, 2020 WL 2043999, at *3 (C.D. Cal. Mar. 3, 2020) (concluding that "discovery of relevant me-too evidence may go beyond a plaintiff's work location and supervisor if the plaintiff can show a link between the discrimination/harassment alleged in the complaint and other locations, complainants or decision makers"); *Patterson v. Boeing Co.*, No. CV 16-7613-GW (SKX), 2018 WL 5937911, at *20 (C.D. Cal. Apr. 4, 2018) (holding that "[u]nder proper circumstances, evidence of an employer's discriminatory treatment of other employees who were members of a protected class may create an inference of discriminatory intent toward plaintiff as a member of that class") (internal citation and quotation omitted); *Easton v. Asplundh Tree Experts, Co*., No. C16-1694RSM, 2018 WL 1306455, at *2 (W.D. Wash. Mar. 13, 2018) (noting that " whether 'me too' evidence can be admitted at trial is a case-by-case determination.")

This factual inquiry is best conducted during trial. Because the Court cannot determine admissibility without first hearing the foundation for this evidence, this motion is **TAKEN UNDER ADVISEMENT**. There shall be no reference by the parties in opening statements or intimating in *voir dire* on this topic until this court has ruled on this motion.

### ii.     The Comtech Parties' Motion *in Limine* No. 2

The Comtech Parties next seek to exclude evidence of age discrimination allegations as related to two former employees. Dkt. # 166 at 13. The Comtech Parties

ORDER – 10

argue that (1) such allegations are not sufficiently related to Ms. Houserman's claims; (2) the evidence does not meet any exceptions under FRE 404(b); (3) one of the former employee's allegations are set forth in documents that constitute inadmissible hearsay; and (4) the allegations are unduly prejudicial under FRE 403.

Ms. Houserman and Motorola contend that the evidence is relevant and admissible for two reasons: (1) the evidence demonstrates that two male executives who raised age discrimination claims against Comtech were similarly situated to her but received more favorable treatment than she did and (2) the evidence is relevant to show "Mr. Porcelain's modus operandi of accusing employees of engaging in financial misconduct for raising complaints." Dkt. # 172 at 7. Ms. Houserman claims such evidence is admissible under Rule 404(b) as other acts to prove motive or intent. *Id.* at 5. The Court does not find these allegations of age discrimination to be sufficiently related to Ms. Houserman's claims. These age-based discrimination claims provide no basis to prove gender-based motive or intent, as needed for her claims. Moreover, the Court finds the probative value of such evidence to be substantially outweighed by a danger of unfair prejudice. This motion is **GRANTED**.

### iii. The Comtech Parties' Motion *in Limine* No. 3

The Comtech Parties move to preclude opinion testimony that Mr. Porcelain was "abusive," a "workplace bully," had a "vindictive" character, and that he engaged in or oversaw accounting improprieties under FRE 801, 602, 404(b), and 403. Dkt. # 166 at 14-15. The Comtech Parties argue that designated testimony by Mr. Bristol in which he recounts comments about Mr. Porcelain made by other Comtech employees is improperly based on hearsay under Rule 801. *Id.* at 15. The Comtech Parties also argue that Janet Perinelli's testimony about Mr. Porcelain's dishonest and "vindictive" reputation constitutes improper character evidence under FRE 404(a) and 405(a), as well as hearsay. *Id.* They also move to exclude evidence related to Mr. Porcelain's alleged financial improprieties and other Comtech executives because they are based on hearsay and

ORDER – 11

speculation. *Id.* at 16.  The Comtech Parties seek to exclude Mr. Bristol's July 22, 2016 letter to Comtech investigators regarding his alleged mistreatment by Mr. Porcelain as inadmissible under FRE 802 and 805, as other acts evidence, irrelevant, and unduly prejudicial.  Dkt. # 166 at 16.

Ms. Houserman argues that the testimony of Mr. Bristol and Ms. Perinelli is not hearsay because it is not being introduced for its truth, but rather to serve as evidence of Mr. Porcelain's "intent, motive, lack of mistake, and overall plan of retaliating against Ms. Houserman."  Dkt. # 172 at 8.  The testimony is also offered to rebut Mr. Porcelain's testimony with respect to the number of complaints involving him and alleged absence of any "meaningful workplace conflict," which is permissible under Rule 607 to impeach a witness.  *Id.*

Rule 404(a) of the Federal Rules of Evidence prohibits evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with the character or trait.  Testimony of Mr. Porcelain's reputation as a "bully" or "vindictive" person falls within that prohibited category.  The Court finds that evidence, such as testimony that Mr. Porcelain "yelled at employees in condescending tones and pursued his interest above all others," does not provide evidence of intent or motive with respect to gender-based discrimination and retaliation claims, as asserted by Ms. Houserman and is unduly prejudicial.  Dkt. # 172 at 8.  It is inadmissible character evidence under Rule 404(a).  It may, however, be admitted to attack Mr. Porcelain's credibility under Rule 404(a)(3) and Rule 607.  If Mr. Porcelain puts his credibility at issue, then the door may be open to allow attacks on his credibility.  The Court also finds that statements in Mr. Bristol's letter regarding alleged financial improprieties by Mr. Porcelain and other executives at Comtech are inadmissible speculation and irrelevant to the claims at issue here. The Court finds Mr. Bristol and Ms. Perinelli's testimony regarding comments about Mr. Porcelain's reputation or bad character to be inadmissible under Rule 404(a) and 403.  The Court finds Mr. Bristol's July 22, 2016 memo

ORDER – 12

inadmissible for the same reasons.  The motion is **GRANTED**.

### iv. The Comtech Parties' Motion *in Limine* No. 4

The Comtech Parties move to preclude evidence of "stray remarks" allegedly made by Mr. Porcelain and another Comtech executive.  Dkt. # 166 at 17.  Specifically, the Comtech Parties seek to exclude the following comments:

1. An alleged comment by Mr. Porcelain related to whom Ms. Houserman voted for in the 2016 presidential election, asking "Special snowflake? Did you vote for Hillary?"
2. An alleged comment by Mr. Porcelain to a female employee saying "You must be sad today" on the day after the 2016 election;
3. An alleged statement by a Comtech executive that "women should like Trump because he got them off their fat asses to march";
4. An alleged statement by Mr. Porcelain that the reason Ms. Houserman held her job was because was a "pretty blond."

*Id.*

The Comtech Parties claim that such comments are irrelevant, unduly prejudicial and will lead to mini-trials.  *Id.* 18-19.  They also claim that the third alleged comment is "unreliable hearsay in the extreme" because Ms. Houserman is the only person who testified to hearing this remark and that she could not identify the speaker beyond "a male attendee at the meeting."  *Id.* at 18.

As this Court already held, such comments are evidence of potential discriminatory animus, and their weight should be considered by a jury.  *See, e.g.*, *Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005) (holding that "[a]n agent's biased remarks against an employee because of his or her gender are admissible to show an employer's discriminatory animus if the agent was involved in the employment decision"); *Lindahl v. Air France*, 930 F.2d 1434, 1439 (9th Cir. 1991) (holding that stereotypes based on sex "can be evidence of sex discrimination, especially

ORDER – 13

when linked to the employment decision"). These comments are indeed relevant and not unduly prejudicial. With respect to the third alleged comment, the Court concludes that it is not inadmissible hearsay because Ms. Houserman is not offering the statement for the truth of the matter asserted. If proposed, the Court will consider giving limiting instruction on how the evidence should be considered by the jury. This motion is **DENIED**.

### v. The Comtech Parties' Motion *in Limine* No. 5

The Comtech parties seek to prohibit Ms. Houserman from presenting evidence related to settlements and severances of several former Comtech employees. Dkt. # 166 at 19. Ms. Houserman failed to allege in her complaint that she suffered an adverse employment action as a result of not being offered a severance payment after her termination for cause. *Id.* They argue that she raised this argument for the first time in her response to Comtech's motion for summary judgment and should therefore be precluded from introducing this evidence or arguing that a lack of severance constitutes gender discrimination. *Id.* at 20. They also claim that the risk that this evidence could mislead the jury or confuse the issues "vastly outweighs the evidence's probative value." *Id.*

Ms. Houserman alleges in her amended complaint that she was wrongfully terminated for cause, causing her economic damages, and that Comtech refused to pay her retention benefits and prior incentive awards after she was terminated. Dkt. # 76 ¶¶ 4.33, 7.24. Evidence to support her argument that she was treated less favorably than other "similarly situated" employees is "probative of the employer's discriminatory motivation." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1065 (9th Cir. 2006); *see also Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004) (noting that "[a] showing that the County treated similarly situated employees outside [the plaintiff's] protected class more favorably would be probative of pretext").

Individuals are similarly situated "when they have similar jobs and display similar

ORDER – 14

conduct." 349 F.3d at 641.  In *Vazquez v. County of Los Angeles*, the court held that two individuals were not "similarly situated" to the plaintiff because one "was not involved in the same type of offense as [plaintiff]," and the second "did not engage in problematic conduct of comparable seriousness to that of [plaintiff]." *Id.*  Here, Ms. Houserman fails to show how the former employees of Comtech displayed "similar conduct" that resulted in termination and were thus similarly situated.  In the absence of such a showing, the Court finds that evidence related to their settlements and severances is inadmissible.  The motion is **GRANTED**.

### vi. The Comtech Parties' Motion *in Limine* No. 6

Here, the Comtech Parties move to exclude the testimony of Angie Millette, a former Comtech employee, as late disclosed; in the alternative, they move for an order permitting them to take Ms. Millette's deposition prior to trial.  Dkt. # 166 at 20-21.  The Comtech Parties allege that Ms. Houserman failed to disclose Ms. Millette as a witness until December 18, 2020, well after the close of discovery on October 22, 2020.  *Id.* at 21.  While the parties dispute whether there was adequate notice of Ms. Millette's relevance to this case prior to the close of discovery, both parties acknowledge that there was a delay in the formal disclosure of Ms. Millette.  Dkt. # 172 at 14.  The Court must then consider whether such a delay is harmless or substantially justified.

Here, it appears that that Comtech did not disclose a key document related to Ms. Millette that it had obtained in August 2020.  *Id.* at 15.  The document was a 2017 letter from Ms. Millette's counsel asking that Comtech inform the Board of Mr. Porcelain's "aggressive, demeaning and manipulative conduct [that] has created a toxic environment."  *Id.*  Ms. Comtech received the document directly from Ms. Millette four months later in December, after the close of discovery.  *Id.*  This disclosure and late notification is substantially justified.  The Court does not find that the evidence is unduly prejudicial to the Comtech Parties.  Given the risk of prejudice of Ms. Millette testifying without allowing the Comtech Parties to take her deposition, however, the Court will

ORDER – 15

permit them to take her deposition.  This motion is **DENIED in part** and **GRANTED in part**.

### vii. The Comtech Parties' Motion *in Limine* No. 7

The Comtech Parties also move to bar Ms. Houserman and Motorola from introducing an *ex parte* declaration of Stanton Sloane dated July 25, 2020 (the "Sloane Declaration") about events that took place during his tenure as Comtech's CEO from February 2015 through September 2016.  Dkt. # 166 at 23.  Ms. Houserman's counsel notes that they informed Comtech counsel that Ms. Houserman is not planning to introduce the Sloane Declaration into evidence but that it may be offered under Rule 801(d)(1)(B) as a prior consistent statement for rebuttal purposes.  Dkt. # 172 at 16.  This motion is premature.  The Court cannot determine whether the Sloane Declaration would constitute an exception to hearsay as a prior consistent statement until it has an opportunity to hear the foundation for it.  The Court **RESERVES RULING ON THIS MOTION**.  Counsel is directed to seek a ruling from the Court before offering the Sloane Declaration under Rule 801(b)(1)(B).

### viii. The Comtech Parties' Motion *in Limine* No. 8

Finally, the Comtech Parties seek to prohibit Ms. Houserman and Motorola from cross-examining Mr. Porcelain with allegations made against him in complaints filed in 2002 and 2009.  Dkt. # 166 at 24.  Ms. Houserman seeks to use these complaints to attack his credibility in cross-examination but not to admit them into evidence.  Dkt. # 172 at 16-17.  Under Rule 608(b)(1), the Court may permit cross-examination of a witness with respect to specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness.  Instances of conduct that undermine Mr. Porcelain's deposition testimony and attack his credibility are admissible.  If necessary, counsel may offer for consideration a limiting instruction of how the jury is to receive this evidence.  This motion is **DENIED**.

ORDER – 16

## V. CONCLUSION

For the reasons stated above, the parties' motions are **GRANTED in part** and **DENIED in part**. Dkt. ## 164, 166. Counsel for both parties are instructed to admonish their witnesses to abide by this Court's order on the motions *in limine*. Failure to do so may result in sanctions.

DATED this 9th day of February, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 17