HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNNE HOUSERMAN,<br><br>               Plaintiff,<br>    v.<br><br>COMTECH TELECOMMUNICATIONS CORPORATION, FRED KORNBERG, AND MICHAEL D. PORCELAIN<br><br>               Defendants.<br><br><br>TELECOMMUNICATION SYSTEMS, INC.,<br>               Plaintiff,<br><br>v.<br><br>LYNNE HOUSERMAN AND MOTOROLA SOLUTIONS, INC.,<br>               Defendants. | **CONSOLIDATED UNDER NO. 2:19-CV-00644-RAJ**<br><br>NO. 2:19-CV-00336-RAJ<br>NO. 2:19-CV-00644-RAJ<br><br><br>ORDER ON MOTION FOR RECONSIDERATION |

## I.   INTRODUCTION

This matter comes before the Court on the Defendants Lynne Houserman and Motorola Solutions, Inc.'s ("Defendants") motion for reconsideration of the Court's summary judgment order. Dkt. # 179.

ORDER – 1

1   Motions for reconsideration are disfavored under the Local Rules for the Western
2   District of Washington.  Local Rules W.D. Wash. LCR 7(h)(1).  Thus, "in the absence of
3   a showing of manifest error in the prior ruling or a showing of new facts or legal
4   authority which could not have been brought to [the Court's] attention earlier with
5   reasonable diligence," such motions will ordinarily be denied.  *Id.*  Defendants do not
6   present any new facts or legal authority or establish a manifest error in the Court's order.
7   They simply reassert arguments that the Court has already addressed.

8   First, Defendants allege that the Court failed to consider whether Plaintiff
9   TeleCommunication Systems, Inc. ("Plaintiff") presented sufficient proof of damages
10  related to the breach of confidentiality claim and the tortious interference claim against
11  Motorola.  Dkt. # 179 at 5-6.  Next, Defendants argue that Plaintiff "lacks evidence that
12  Motorola intentionally interfered with Ms. Houserman's 2014 agreement."  *Id.* at 7.
13  Finally, Defendants claim that Plaintiff lacks evidence that Motorola had acted with an
14  improper purpose and that Plaintiff did not attempt to advance an improper means
15  argument.  *Id.*

16  The Court did indeed consider Defendants' argument regarding damages.  *See*
17  Dkt. # 176 at 20 (noting that "[Defendants] also argue that Plaintiff is unable to
18  adequately identify damages Defendants caused for this alleged breach, thereby entitling
19  them to summary judgment") (internal quotations omitted).  The Court concluded,
20  however, that Defendants had not met their initial burden, and factual disputes precluded
21  summary judgment.  *Id.* at 21-22.  Because nominal damages may be recovered on the
22  breach of contract, a plaintiff is not required to provide proof of damages.  *See Taylor v.*
23  *NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645, 651 (2001) (holding that "[i]t is not
24  necessary that the plaintiff prove damages resulting from the breach, for it is well settled
25  that where a breach of contract occurs, one may recover nominal damages even though
26  he has failed to prove actual damages").  Defendants are not entitled to summary
27  judgment on based on the damages argument.

28  ORDER – 2

Defendants next claim that they are entitled to summary judgment because there is no evidence that Motorola intentionally interfered with Ms. Houserman's 2014 agreement or acted with an improper purpose. Dkt. # 179 at 7. Defendants argue, again, that "Motorola required Ms. Houserman to certify she had not retained and would not disclose any confidential information." *Id.* However, as Plaintiff notes, Motorola's failure to establish any restrictions or mechanisms by which to confirm and enforce the certification raises factual questions, particularly given Ms. Houserman's position as a senior leader in the emergency call handling business. Dkt. # 187 at 5. The questions of Motorola's intent and improper purpose in this context cannot be resolved as a matter of law and must be considered by a jury. Defendants' disagreement with the Court's conclusion does not constitute a basis for reconsideration. Defendants are not entitled to summary judgment on the claim of tortious interference.

Based on Defendants' failure to cite any new facts or legal authority or to demonstrate manifest error by the Court, the Court **DENIES** the motion for reconsideration.

DATED this 22nd day of February, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3